Clark, J. (dissenting).
The trial court properly excluded the witness’ written statement, where, as here, evidence at the hearing established that the declarant was not aware that the statement was adverse to her penal interest at the time it was *163 made, and the statement was not sufficiently reliable. Therefore, I would affirm the decision of the trial court excluding the witness’ statement because it does not qualify as a declaration against penal interest.
The admission of a declaration against penal interest requires the following: (1) the declarant must be unavailable; (2) the declarant must be aware when making a statement that it is adverse to penal interest; (3) the declarant must have competent knowledge of the facts; and (4) there must be independent proof indicating that the statement is trustworthy and reliable (see People v Brensic, 70 NY2d 9, 15 [1987]).
This appeal turns primarily on the determination of the second factor. As to the second factor, the primary issue is whether Janny Hunt was aware at the time of making her statement that it was contrary to her penal interest. The majority finds that Hunt’s expressions of apprehension, at the time of or immediately after her statement, along with an inquiry about consulting a lawyer sufficed to satisfy the hearsay requirement. I disagree with this line of reasoning because it does not comport with the record, or the law on this issue.
The record established that Hunt did not articulate any apprehension about her statement at the time she made it. The investigator, Chelsea Amelkan, testified that Hunt made an appointment to meet at her office, and “at the beginning of the statement, . . . she did not express any concerns.” Hunt’s concerns were made known to the investigator after their conversation was complete. Then, Amelkan asked if she could write down her statement and have Hunt sign it. Subsequently, Hunt asked “if she could get in trouble for the accident .... [S]he was concerned about her parents finding out about the accident because she was in the car .... And just generally like how much trouble [s]he can get into.” Amelkan responded that she could speak to a lawyer. Given the succession of events leading to Hunt’s expressions of concern and the paucity of her understanding about the consequences of her statement, it was well within the trial court’s discretion to find that the witness was not aware at the time of its making that the statement was against her penal interest.
Again, Hunt expressed general concerns showing that “she did not know if she could get in trouble” and inquiring whether her parents would find out about the accident. Hunt’s concern about her parents finding out was so pressing that her statement to the investigator about the accident declares, “I got *164 scared. ... It was late. My parents did not know I was with [defendant].” At no point in her statement to the investigator did Hunt ask if she committed a crime or if she could be subject to arrest. This casts significant doubt as to Hunt’s awareness of penal consequences attached to her statement since the focus of her concern is parental disappointment rather than the exposure to criminal liability. Further, it is unclear what kind of “trouble” concerns Hunt in light of her explicit concern about whether her parents would find out about the accident. Thus, considering Hunt’s vague expression of concern and the concern about her parents, the trial court properly determined that Hunt was not aware of the penal consequences at the time the statement was expressed or written down.
The majority argues that regardless of the timing, Hunt was aware of her apprehensions when she arrived for the interview with the investigator. Nevertheless, it is equally probable that Hunt only became concerned about any possible consequences once it became known that the statement would be recorded and required a signature. To this point, timing is at the heart of the issue. Contemporaneous indications of concern preceding or during a statement would ensure reliability and satisfy the second factor which requires awareness at the time the statement is made. However, in this matter, the indications of apprehension are expressed after the statement is recorded, which does not ensure reliability.
In evaluating the fourth factor, which places trustworthiness and reliability at issue, I agree with the majority that the trial court erred in applying a stricter standard as part of its analysis. However, even under the more lenient standard where the proponent must “establish^ ] a reasonable possibility that the statement might be true,” the record does not contain sufficient competent evidence to assure trustworthiness and reliability of Hunt’s statement (People v Deacon, 96 AD3d 965, 968 [2d Dept 2012], appeal dismissed 20 NY3d 1046 [2013], quoting People v Settles, 46 NY2d 154, 169-170 [1978] [internal quotation marks omitted]).
“The crucial inquiry focuses on the intrinsic trustworthiness of the statement as confirmed by competent evidence independent of the declaration itself” (People v Settles, 46 NY2d at 169). Here, the intrinsic trustworthiness of Hunt’s statement is questionable as it involves the potential exposure to a minor traffic infraction and, unlike the situation where a defendant confesses to a violent crime, the penal consequences resulting *165 from the statement are not obvious, especially to a 19 year old with no criminal history. The record shows surrounding circumstances where Hunt did not know if her conduct constitutes an illegal offense. Hunt’s statements of apprehension primarily concerned whether her parents would find out about this matter and if she could get in trouble. Further, her apprehension was not contemporaneous with the statement, but rather, a product of the request to provide a signature on a transcription of her statement. Moreover, Hunt’s motive for coming forward was admittedly to “help out” defendant. Notwithstanding Lamar Larson’s testimony that a female was seen with defendant during the evening of the incident, based on the facts and surrounding circumstances detailed above, the statement was properly excluded because there is no assurance of trustworthiness or reliability in Hunt’s statement.
Additionally, even if the failure to admit the statement was error, the exclusion was harmless as it did not violate due process. Defendant was able to present his defense through the testimonial observations of his witness, Lamar Larson, who testified that he saw a female in the driver’s seat leaving the Pelham Bay Diner parking lot with defendant in the passenger seat. Defense counsel’s summation quoted at length Larson’s statement at the parking lot and the response: “Make sure he gets home safe.” “I will.” The record also indicated that Hunt exercised her Fifth Amendment rights. As such, defendant was able to present the jury with facts supporting his defense that someone else was driving the vehicle.
Accordingly, I would affirm the conviction because the statement does not qualify as a declaration against penal interest, it was not trustworthy or reliable, and even if the failure to admit it was error, the exclusion was harmless.
Saxe and Freedman, JJ., concur with Acosta, J.; Mazzarelli, J.E and Clark, J, dissent in a separate opinion by Clark, J.
Judgment, Supreme Court, Bronx County, rendered March 10, 2011, reversed, on the law, and the matter remanded for a new trial.